IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| NANCY K. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-3179 |
| | ) | |
| THE UNION LABOR LIFE INSURANCE COMPANY, a wholly-owned subsidiary of ULLICO INC., a Maryland Corporation, | ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Nancy Kay Smith's Motion to Remand (d/e 2).  In June 2009, Plaintiff filed a one-count Complaint in Sangamon County (Illinois) Circuit Court.  Notice of Removal (d/e 1), p. 7-33, Complaint.  Defendant Union Labor Life Insurance Company, a division of ULLICO, Inc., filed a Notice of Removal on July 14, 2009.  On August 14, 2009, Plaintiff filed her Motion to Remand.  For the reasons set forth below, the Motion to Remand is denied.

According to the Complaint, Plaintiff is the surviving mother of a

1

deceased adult son, Terry L. Smith. Plaintiff alleges that, at all relevant times, Terry Smith owned a group life insurance policy (the Policy) through the Trustees of the Employers and Operating Engineers Local 520 Health & Welfare Fund (the Plan). A copy of the Policy is attached to the Complaint as Ex. A. Plaintiff alleges that the Policy was for benefits payable upon the accidental death of Terry Smith and that she was the named beneficiary on the Policy.

The Complaint asserts that Terry Smith was killed in a single vehicle collision on July 26, 2006. The Complaint further alleges that the Montgomery County, Illinois coroner determined Terry Smith's death to be the result of an "accident." Complaint, ¶ 6. Plaintiff asserts that she filed a claim for death benefits under the Policy, but that Defendant has refused to pay her the accidental death benefits due. Therefore, according to Plaintiff, Defendant has breached its contract to provide accidental death benefits and is indebted to Plaintiff in the amount of $30,000.00.

Defendant filed its Notice of Removal on July 14, 2009, asserting that the action could have originally been filed in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 1132. According to Defendant, Plaintiff's claim is, in reality, a claim for alleged wrongful denial of benefits due under the terms

of a plan governed by the Employee Retirement Income Security Act of 1971 (ERISA). <u>See</u> 29 U.S.C. § 1132(a)(1)(B). Plaintiff objects to removal and seeks remand to state court. Defendant has responded to the Motion to Remand, and the matter is ripe for determination.

ANALYSIS

Removal is proper in any action that could have originally been filed in federal court. 28 U.S.C. § 1441. Defendant, as the proponent of federal jurisdiction, bears the burden of proof on the issue of jurisdiction. <u>See</u> <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178 (1936). District courts have original jurisdiction in cases involving a "[f]ederal question," i.e., cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 207 (2004) (<u>quoting</u> <u>Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.</u>, 463 U.S. 1, 9-10 (1983)). An exception to the well-pleaded complaint rule exists, however. "'[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption', the state claim can be removed." <u>Id</u>. (quoting <u>Beneficial Nat. Bank v. Anderson</u>, 539 U.S.

3

1, 8 (2003)). The exception exists based on the fact that "'[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" Id. at 207-08 (quoting Beneficial Nat. Bank, 539 U.S. at 8). Claims to recover benefits due under an ERISA plan fall within the scope of ERISA § 502(a) and are subject to complete preemption. Id. at 209-10; 29 U.S.C. § 1132(a).

Plaintiff argues that her case does not fall within the scope of ERISA. Plaintiff asserts that she is not claiming that the employer or the Plan failed to provide benefits due under the Policy. Rather, Plaintiff characterizes her action as one for breach of contract for failure to pay benefits due under a contract from a separate entity. This argument is unpersuasive.

Section 502(a)(1)(B) of ERISA allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B); see also Moran v. Rush Prudential HMO, Inc., 230 F.3d 959, 967 (7th Cir. 2000). Plaintiff does not contest that the Plan is a not-for-profit fringe benefit fund established and governed by ERISA. Notice of Removal, ¶ 3.

The Policy on its face appears to fall under ERISA. See 29 U.S.C. § 1002(1)(A) (defining "employee welfare benefit plan"); 29 U.S.C. § 1003. Additionally, the allegations of the Complaint establish that the Policy was provided through the Plan. Complaint, ¶ 3. Thus, Plaintiff is expressly seeking to recover benefits due under the terms of an ERISA-governed plan. As the Seventh Circuit has recognized, "claims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to 'fall [ ] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'" Vallone v. CNA Financial Corp., 375 F.3d 623, 638 (7th Cir. 2004) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987)). Therefore, because ERISA § 502 completely preempts state law causes of action, removal is proper.

THEREFORE, for the reasons set forth above, this Court has jurisdiction and removal is proper. Plaintiff's Motion to Remand (d/e 2) is DENIED. Defendant is directed to plead to the Complaint by September 30, 2009. The matter is referred to Magistrate Judge Cudmore for further scheduling.

IT IS THEREFORE SO ORDERED.

ENTER: September 10, 2009

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE